STANLEY KAMBESEL, Respondent, v. MAX OLDMAN and Another, Copartners Doing Business under the Firm Name and Style of OLDMAN BROTHERS, Appellants.— Judgment in favor of the plaintiff on an oral contract for the finishing of fur garments reversed on the law and the facts and a new trial granted, costs to abide the event. The court committed prejudicial error at folios 1118 to 1123 in allowing hearsay to be adduced in respect of what the witness Apostoledes is said to have heard in the course of a conversation in the office of the plaintiff's attorney, participated in by that witness, the plaintiff and the plaintiff's attorney. The court likewise erred in refusing the request to charge at folio 1148. The defendants were entitled to have the court advise the jury as to the legal effect of a failure of the plaintiff to perform his part of the contract up to the time he claims it was breached by the defendants, if the jury so found. If the plaintiff had breached his contract prior to or on June twenty-seventh by reason of a failure to perform it, no right to recovery under the contract was possessed by the plaintiff. The main charge did not cover the subject-matter embodied in the request. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

HARRY KAMPF, Respondent, v. MAK FRUIT & VEGETABLE MARKETS, INC., Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of defendant's negligence. Plaintiff, engaged in loading crates of farm produce on a truck drawn up at the curb, was standing at the back of the truck and facing it. While in that position he was struck by defendant's motor truck and his left leg crushed by its rear right wheel. Appeal from judgment in plaintiff's favor. Judgment reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order herein the respondent stipulate to reduce the verdict to the sum of $45,000, in which event the judgment as so modified is affirmed, with costs to respondent. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

BESSIE KAUFFMAN, as Administratrix, etc., of HARRY KAUFFMAN, Deceased, Appellant, v. JOHN STEVELEY and Another, Respondents.— In an action to recover for the death of plaintiff's intestate as the result of a collision between automobiles in one of which the intestate was a passenger, order granting in part and denying in part plaintiff's motion for an examination of defendants before trial, modified so as to provide that the examination be granted as to items "2" and "3" in the notice of motion but that the examination in respect to item "3" be limited to those elements of negligence stated in paragraph "1" of plaintiff's bill of particulars. As so modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellant; the examination to proceed at the place fixed in the order on five days' notice. In this negligence case the plaintiff, under the circumstances, was entitled to examine the defendants before trial in respect to the matters stated in the notice of motion, with the limitation indicated. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.